SUPERIOR COURT 
 
 LEO BERTOLINO, AS TRUSTEE FOR LEO P. BERTOLINO TRUST, AND OTHERS v. TERENCE FRACASSA AND FREDERICK MCDONALD

 
 Docket:
 1784CV04210-BLS2
 
 
 Dates:
 April 19, 2024
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ON MCLAUGHLIN’S AND VITALE’S MOTION IN LIMINE REGARDING ATTORNEY FEE INVOICE REDACTIONS AND PERMISSIBLE SCOPE OF FRACASSA’S DAMAGES CLAIM
 
 

 One of the claims to be tried in a few weeks Terence Fracassa’s claim against John McLaughlin and Richard Vitale for tortious interference. Fracassa contends that McLaughlin and Vitale interfered with his contractual right to indemnification by Commonwealth Pain Management Connection, LLC (“CPMC”) of attorneys’ fees that Fracassa incurred to defend himself against plaintiffs’ claims under the Massachusetts Uniform Securities Act, by improperly participating in taking almost $6 million away from CPMC. In the parties’ joint pre-trial memorandum, Fracassa contends that as a result CPMC has been unable to indemnify him for “millions of dollars in legal fees.”
One week ago Fracassa produced, and says he intends to offer at trial, heavily redacted copies of his legal bills. The entire description of all work performed with respect to every time entry is completely blacked out.
McLaughlin and Vitale have asked the Court to: (I) order Fracassa to produce unredacted copies of these legal bills; (ii) bar Fracassa from offering these heavily redacted invoices as evidence at trial; and (iii) bar Fracassa from seeking to recover fees or costs that CPMC has already paid, or that were incurred to prosecute Fracassa’s counterclaims or third-party claims.
The Court will allow the first two requests, order Fracassa to produce (by April 23, 2024,) unredacted copies of all invoices that he will rely upon to prove claimed damages at trial, and address the third request in its jury instructions.[1]

--------------------------------------------

[1] McLaughlin and Vitale filed their emergency motion this morning. The session clerk asked Fracassa’s counsel when they would file any response. Counsel responded by email saying they preferred not to do so until this Wednesday, because they hoped to negotiate an agreed-upon resolution. In the exercise of its discretion, the Court is deciding the motion without waiting until next week for a response. Trial starts in 18 days. These issues need to be resolved now.
<continued…>

1

1. Production of Unredacted Invoices. The Court will allow the request by McLaughlin and Vitale to obtain unredacted copies of all legal bills for any part of the fees or expenses that Fracassa will seek to recover at trial as compensatory damages. Fracassa need not produce unredacted copies of invoices that do not relate to any part of the damages sought by Fracassa.
Since Fracassa seeks to recover certain legal fees and expenses, the Court will order Fracassa to produce unredacted copies of the relevant bills or invoices that explain why those fees and expenses were incurred.
Any assertion by Fracassa that he may produce heavily redacted versions of his legal bills in order to avoid disclosing confidential communications with his attorneys, or the work product of his attorneys, is unavailing. Fracassa has put the substance of those legal bills, including his lawyers’ explanations for each time entry, at issue by claiming that McLaughlin and Vitale should have to reimburse Fracassa for those legal costs.
As a result, Fracassa has waived any privilege that may otherwise have protected parts of legal bill entries from disclosure in this case. See, e.g., Ideal Elec. Sec. Co. v. Int’l Fid. Ins. Co., 129 F.3d 143, 151 (D.C. Cir. 1997); Dulcich, Inc. v. USI Ins. Services Nat’l, Inc., 2019 WL 1500701, at *3 & n.3 (D.Or. Apr. 5, 2019) (collecting cases); Feld v. Fireman’s Fund Ins. Co., 991 F.Supp. 2d 242, 253–255 (D.D.C. 2013) (collecting cases).
A claim seeking indemnification of legal expenses puts the work of the party’s attorneys and the reasonableness of their charges directly at issue, and therefore waives the attorney-client and work product privileges. Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 731–732 (8th Cir. 2002). Since Fracassa may recover only those fees that were reasonably incurred, his claim to recover attorneys’ fees as damages “waives the attorney-client and work-product privileges regarding the work performed,” because McLaughlin and Vitale are “not required to blindly accept that the claimed dollar amount is reasonable.” Kansas City Power & Light Co. v. United States, 139 Fed. Cl. 546, 572 (2018).
An “at issue” waiver of the attorney-client privilege occurs where a litigant injects claims or defenses into a case that put at issue the substance of otherwise confidential communications among counsel and clients. See generally Clair v.

--------------------------------------------

Counsel for McLaughlin and Vitale represent that they have met and conferred with Fracassa’s counsel about these issues, and Fracassa’s counsel confirms that the parties have still not resolved this dispute. If Fracassa believes that any part of this decision is erroneous, he should immediately file a brief motion for reconsideration that explains why.

-2-

Clair, 464 Mass. 205, 218–219 (2013). “[A] party may not press a claim or defense to which privileged communications are integral while simultaneously refusing to produce those communications if they are unavailable from other sources.” Brauner v. Valley, 101 Mass. App. Ct. 61, 70 (2022).
Here, Fracassa has put at issue the substance of his legal bills, and McLaughlin and Vitale cannot learn the justification for the bills from any other source.
2. Introduction of Redacted Invoices. The Court will allow the request by McLaughlin and Vitale to bar Fracassa from offering redacted attorney invoices as evidence at trial.
Invoices by litigation counsel that have been redacted to delete all descriptions of the work performed are not competent evidence to establish that Fracassa incurred legal fees that he was entitled to have indemnified by CPMC. Without any description of the work performed, the heavily redacted invoices that Fracassa has provided are not relevant.
And the so-called best evidence rule bars Fracassa from summarizing the substance of information redacted from invoices that are in his possession. See, e.g., Commonwealth v. Salyer, 84 Mass. App. Ct. 346, 356 n.10 (2013). “An original writing or record is [generally] required to provide its content[.]” Mass. G. Evid. § 1002. None of the exceptions that permits use of other evidence of the contents of a writing or record applies here. See Mass. G. Evid. § 1004.
Fracassa must prove at trial, as an element of his claim for tortious interference, the fact and amount of legal expenses that constitute his alleged damages. Fracassa’s suggestion to opposing counsel that he would produce unredacted invoices after trial, if and only if he prevails on his claim but CPMC does not prevail on its claims, is unworkable. If the jury finds that McLaughlin or Vitale is liable for tortious interference, then it will have to determine what amount of compensatory damages to award to Fracassa. It cannot do so based on attorney invoices with the descriptions entirely blacked out.
3. Limitations on Any Recovery by Fracassa. Finally, the Court will deny the request by McLaughlin and Vitale to bar Fracassa from seeking at trial to recover legal expenses that have been paid by CPMC, or that were incurred solely to press affirmative claims by Fracassa or CPMC, because that would usurp the jury’s critical role as fact finder.
The premise of this request is correct. If Fracassa were to prevail on his claim for tortious interference with his contractual indemnification rights, he would be entitled to recover only the unreimbursed, reasonable attorneys’ fees and

-3-

expenses that he incurred to defend himself against plaintiffs’ claims in this case. He would not be entitled to recover amounts that CPMC has already reimbursed or otherwise paid for. Nor would he be entitled to recover expenses incurred solely because Fracassa is asserting his own claims.
But, if Fracassa were to prevail at trial, the jury will have to decide what amount of compensatory damages to award. It would be inappropriate for the Court to decide that certain parts of Fracassa’s damage claim are not recoverable. That is a question of fact for the jury to decide.
The Court will address this issue in its jury instructions.
ORDERS
John McLaughlin’s and Richard Vitale’s emergency motion in limine to preclude introduction of heavily redacted attorney invoices as evidence of Terence Fracassa’s damages at trial is allowed  in  part.  The  Court  orders Mr. Fracassa to produce by Tuesday, April 23, 2024, unredacted copies of all invoices that he will rely upon to prove claimed damages at trial. It further orders that Mr. Fracassa may not offer redacted attorney invoices as evidence at trial. The motion is denied in part with respect to the other relief sought as to the scope of damages that Mr. Fracassa may ask the jury to award, but the Court will address that issue in its jury instructions.